UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. COOPER, | No. 2:15-cv-0914 CKD P |
| Plaintiff, | |
| v. | ORDER |
| PLACER COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff is a Placer County Jail prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. 28 U.S.C. § 636(c). On August 21, 2015, plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his amended complaint, plaintiff asserts that since August 1, 2014, he has been denied participation in jail programs which allow inmates to earn good conduct credits against their sentences. Plaintiff seeks monetary damages for his inability to earn sentence credits.

Plaintiff does not have a Constitutional right to earn good conduct sentence credits and plaintiff fails to present facts indicating that his Constitutional rights have been violated in any other respect. While the Equal Protection Clause of the Fourteenth Amendment is at least implicated as it appears other inmates at the Placer County Jail can earn sentence credits, plaintiff fails to state a claim for violation of equal protection in that he does not allege that he is similarly situated to inmates who can earn credits, and the reason he cannot earn credits is due to some form of discrimination. Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Good cause appearing, the court will give plaintiff one final opportunity to amend his complaint in an attempt to state a claim upon which relief can be granted. Plaintiff is reminded that if he elects to file a second amended complaint, he must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is

/////

1  some affirmative link or connection between a defendant's actions and the claimed deprivation.
2  Rizzo v. Goode, 423 U.S. 362 (1976).

3       Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make
4  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
5  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
6  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
7  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
8  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
9  and the involvement of each defendant must be sufficiently alleged.

10       In accordance with the above, IT IS HEREBY ORDERED that:

11       1.  Plaintiff's first amended complaint is dismissed.

12       2.  Plaintiff is granted thirty days from the date of service of this order to file a second
13  amended complaint that complies with the requirements of this order, the Civil Rights Act, the
14  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
15  must bear the docket number assigned this case and must be labeled "Second Amended
16  Complaint"; failure to file a second amended complaint in accordance with this order will result
17  in be dismissal.

18  Dated:  February 23, 2016

19       CAROLYN K. DELANEY
20       UNITED STATES MAGISTRATE JUDGE

22  1
  coop0914.dis